



**Entity Name:** **STERLING INFOSYSTEMS, INC. ABN STERLINGBACKCHECK**
**Jurisdiction:** NY
**Date:** 10/16/2017
**Receipt Method:** Certified Mail
**Case Number:** 37126
**Plaintiff:** CLARA HALL CZOKA ADMINISTRATRIX OF THE ESTATE OF PAGIEL HALL CZOKA; CLARA HALL CZOKA
**Defendant:** STERLING INFOSYSTEMS, INC. D/B/A STERLING TALENT SOLUTIONS
**Document Type:** Summons & Complaint

EXHIBIT ___A___



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

PARACORP INCORPORATED
AKA/POE: ONE COMMERCE PLAZA
#1805
29 WASHINGTON AVE
ALBANY, NY 12210-2822

10/10/2017

RE: CLARA HALL CZOKA, ADMINISTRATRIX OF THE ESTATE OF PAGIEL HALL CZOKA, AND CLARA HALL CZOKA, INDIVIDUALLY

VS: STERLING INFOSYSTEMS, INC. d/b/a STERLING TALENT SOLUTIONS

## Notice of Service

The enclosed process, notice or demand is hereby officially served upon you by the Tennessee Secretary of State pursuant to Tennessee law. Please refer to the process, notice or demand for details concerning the legal matter. If you have any questions, please contact the clerk of the court that issued the process, notice or demand.

The process, notice or demand may have a court date and time that you must appear to defend yourself or the number of days from the date of service by which you are required to file an answer. Failure to appear in court at the time specified or failure to file an answer in the given time could result in a default judgement being rendered against you for relief sought in the lawsuit.

The Secretary of State's office cannot give you legal advice. If you need legal advice, please consult a private attorney.

Tre Hargett
Secretary of State

Enclosures: Original Documents

**DOCUMENT INFORMATION**
SOS Summons #: 04882484
Case #: 37126
Certified #: 70170530000018923181

SS-4214 (Rev. 8/15)

RDA 1003

# Circuit Court
## For Washington County at Jonesborough, Tennessee
## 108 West Jackson Blvd., Suite 2167, Jonesborough, TN 37659

Clara Hall Czoka, Administratrix of the Estate of
Pagiel Hall Czoka, and Clara Hall Czoka, individually
vs.          Plaintiff
Sterling Infosystems, Inc. d/b/a Sterling Talent
Solutions

Filed __29__ day of __Sept.__ 20_17_ at _2:40_ o'clock P.M.

Karen Guinn, Clerk

Civil Summons
No. __37126__

**NOTICE TO THE DEFENDANT(S):**
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution of seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Defendants

To the above named defendant(s): c/o Tennessee Secretary of State, Attn: Summons, 312 Rosa L. Parks Ave., Snodgrass Tower, 6th Fl., Nashville, TN 37243

You are hereby commanded and required to serve upon __John S. Bingham, Esq.__, plaintiff's attorney, whose address is __Hawkins Bingham & Miller, P.C., 1397 E. Center St., Kingsport, TN 37664__, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Issued this __29__ day of __Sept.__, 20_17_, at _2:50_ M.

| ADA -- IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE, PLEASE CONTACT 753-1736 |

KAREN GUINN

By: __[signature]__  Clerk
Deputy Clerk

Received this ____ day of _____, 20_____.

I HEREBY CERTIFY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL DOCUMENT AS IT APPEARS AT THE WASHINGTON COUNTY CIRCUIT COURT.
KAREN GUINN, CLERK
[signature]

Sheriff – Deputy Sheriff

## RETURN

I certify and return that I:

☐ served this summons together with the complaint as follows: _____

☐ failed to serve this summons within ninety (90) days after its issuance because _____

Date _____

Deputy Sheriff

☐ accept service

I, _____, hereby accept service of process in this case as fully and in all respects, as though I had been personally served by a Deputy Sheriff of Washington County, and I acknowledge that I received a copy of the summons and complaint in this case.

This the ____ day of _____, 20_____.

_____
Defendant

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, TENNESSEE
AT JONESBOROUGH

| | |
|---|---|
| CLARA HALL CZOKA, ADMINISTRATRIX OF THE ESTATE OF PAGIEL HALL CZOKA, AND CLARA HALL CZOKA, INDIVIDUALLY<br><br>Plaintiffs,<br><br>v.<br><br>STERLING INFOSYSTEMS, INC. d/b/a STERLING TALENT SOLUTIONS<br><br>Defendant. | Case No: 37126<br>**JURY DEMAND**<br><br>Filed 29 day of Sept. 2017 at 2:45 o'clock P.M.<br><br>Karen Guinn, Clerk |

**COMPLAINT**

Come now the Plaintiffs, Clara Hall Czoka, Administratrix of the Estate of Pagiel Hall Czoka, deceased, and Clara Hall Czoka, individually, by and through counsel and bring this cause of action on behalf of the Estate of Pagiel Hall Czoka and on behalf of herself, individually, against the Defendant Sterling Infosystems, Inc., aka Sterling Talent Solutions and would respectfully show to the Court as follows:

1. This is an action based on negligence.

2. This case is also brought pursuant to the Fair Credit Reporting Act, 15 USC § 1681 et seq., as amended (the "FCRA") and the Tennessee Consumer Protection Act ("TCPA").

**JURISDICTION AND VENUE**

3. The substantial majority of the events, which form the basis of this complaint, including the rape and injury of Pagiel Hall Czoka, occurred in Washington County, Tennessee.

1


I HEREBY CERTIFY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL DOCUMENT AS IT APPEARS AT THE WASHINGTON COUNTY CIRCUIT COURT.
KAREN GUINN, CLERK
_____ D.C.

4. Venue is properly situated in Washington County pursuant to Tenn. Code Ann. § 20-4-101.

5. This Court has jurisdiction over this matter pursuant to Tenn. Code Ann. § 16-10-101. The Defendant does business in the state of Tennessee and has sufficient contacts with the state of Tennessee to give this court a basis to exercise personal jurisdiction over the Defendant.

**PARTIES**

6. Plaintiff, Clara Hall Czoka ("Ms. Czoka") is the biological mother of the deceased Pagiel Czoka ("Paigel"). She is also the Administratrix of the Estate for Pagiel, who died on March 13, 2017. A copy of the Letters of Administration naming Clara Czoka as the Executor are attached as **Exhibit 1**.

7. Defendant Sterling Infosystems Inc., ("Sterling") is a business entity that regularly conducts business in the State of Tennessee and which has a principal place of business located at One State Street 24th Floor, New York, New York 10004.

8. Sterling can be served at Paracorp Incorporated, One Commerce Plaza, 29 Washington Ave #1805 Albany, New York 12210-2822. Pursuant to T.C.A. § 48-15-104(b), § 48-15-105, and § 48-25-110, Sterling can also be served through the office of the Tennessee Secretary of State at Attn: Summons, 312 Rosa L. Parks Avenue, Snodgrass Tower, 6th Floor, Nashville, TN 37243.

**FACTUAL ALLEGATIONS**

9. The Tennessee Consumer Protection Act was enacted to provide Tennessee consumers protection against deceptive and unfair practices.

10. The FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by consumer reporting agencies.

11. At all times relevant hereto, Defendant was a "consumer reporting agency" as defined by 15 USC §1681a(f).

12. Sterling sells and provides consumer reports to employers who wish to screen potential job applicants.

13. On its website, in a section entitled "Compliance," Sterling represents that it complies with FRCA.

14. Some of the consumer reports Sterling sells contains information regarding a job applicant's criminal history.

15. Life Care Center of Gray provides patient and nursing home care for the elderly and incapacitated. On information and belief, Plaintiffs allege that Life Care Center of Gray is owned by Gray Medical Investors, LLC, and is managed by Life Care Centers of America, Inc. These entities are collectively referred to herein as "Life Care."

16. Pagiel Hall Czoka was a resident and patient at Life Care in Gray, Washington County, Tennessee, from approximately June, 2015 until late October, 2016. On or about October 2, 2016, while at Life Care, Pagiel was raped and sexually assaulted in her bed. On information and belief, Plaintiffs allege that the rape and sexual assault was committed by Lorenzo Kamanda.

17. Lorenzo Kamanda is a former Licensed Practical Nurse who was employed at Life Care while Paigel was a resident. Lorenzo Kamanda had a criminal history which included a sexual assault that he committed while he was employed at another Tennessee healthcare facility.

18. During the investigation of this claim, Plaintiffs were informed by Life Care agents or employees that Life Care hired or contracted with Sterling to perform a background check on Lorenzo Kamanda prior to or in conjunction with his hiring.

19. On information and belief, Plaintiffs allege Sterling furnished an incomplete and inaccurate consumer report to Life Care.

20. Plaintiff reasonably believes that Sterling failed to report adverse information about Lorenzo Kamanda in their background report submitted to Life Care.

21. At all times relevant hereto, Plaintiffs were intended third-party beneficiaries of any contract or agreement between Sterling and Life Care related to the background check and report regarding Kamanda.

## COUNT I-NEGLIGENCE

22. Plaintiffs hereby incorporate each and every paragraph contained hereinabove in this Complaint and by reference make said Paragraphs a part of this Count I as if fully set forth herein.

23. All of Defendant's actions, as set forth herein in this Complaint constitute negligence.

24. Defendant owed both Paigel and Ms. Czoka a duty of care to follow reasonable procedures to assure maximum possible accuracy of the information contained within its report.

25. The Defendant breached that duty in that they failed to report a previous sexual assault of Lorenzo Kamanda to Life Care. Kamanda's criminal history was a matter of public record and/or was easily discoverable and, if disclosed, would have likely played a role in Life Care's decision to hire him.

26. Defendant's negligence was likely a contributing factor in Life Care's hiring of Lorenzo Kamanda, thereby putting him in an environment where he could sexually assault Paigel.

27. Sterling knew, or should have known, that the report would likely be used by Life Care as part of its evaluation and investigation of Lorenzo Kamanda and in determining whether to hire him.

28. Defendant knew, or should have known, that an incomplete or inaccurate background check could result in the hiring of Lorenzo Kamanda. It was foreseeable, to Defendant, that nursing home residents and their families, including Paigel Hall Czoka and her family, could be harmed by Lorenzo Kamanda.

## COUNT II-NEGLIGENT REPRESENTATION

29. Plaintiffs hereby incorporate each and every paragraph contained hereinabove in this Complaint and by reference make said Paragraphs a part of this Count II as if fully set forth herein.

30. Defendant negligently misrepresented the employment history of Lorenzo Kamanda as the Defendant did not provide material information about Kamanda's criminal history, including a previous sexual assault at his previous place of employment.

31. Upon information and belief, Plaintiffs allege that Life Care relied, in part, on the misrepresentations made by Defendant as part of their evaluation of Lorenzo Kamanda and in his ultimate hiring as a Licensed Practical Nurse at Life Care.

### COUNT III-FCRA

32. Plaintiffs hereby incorporate each and every paragraph contained hereinabove in this Complaint and by reference make said Paragraphs a part of this Count III as if fully set forth herein.

33. This count states claims for negligent violations of the FCRA against Sterling pursuant to 15 U.S. Code §1681o and §1681n.

34. Sterling failed to comply with the requirements of the FCRA in one or more of the ways set forth herein.

35. Sterling failed to compile and report items of information on Lorenzo Kamanda which were matters of public record and which were likely to have an adverse effect on Kamanda's ability to obtain employment.

36. Sterling failed to maintain strict procedures designed to ensure that the public record information it reported to Life Care was complete and up to date.

37. Sterling failed to follow reasonable procedures to assure maximum possible accuracy of the information contained within its report.

38. Sterling failed to exercise due care and reasonable prudence in the preparation of its report relative to Lorenzo Kamanda.

39. Sterling's acts and/or omissions made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided pursuant to 15 U. S. Code §1681o.

## COUNT IV- TENNESSEE CONSUMER ACT PROTECTION

40. Plaintiffs hereby incorporate each and every paragraph contained hereinabove in this Complaint and by reference make said Paragraphs a part of this Count IV as if fully set forth herein.

41. This count arises under the TCPA, Tenn. Code Ann §47-18-101, et seq.

42. Sterling's inaccurate report provided to Life Care constitutes unfair and deceptive acts which affected Life Cares' conduct in employing Lorenzo Kamanda.

43. Sterling's acts of using unfair and deceptive practices and providing incomplete reports is a direct violation of Tenn. Code Ann §47-18-104.

## COUNT V - DAMAGES

44. Plaintiffs hereby incorporate each and every paragraph contained hereinabove in this Complaint and by reference make said Paragraphs a part of this Count V as if fully set forth herein.

7

45. The actions of Defendant, as alleged hereinabove, including negligence, breach of contract, and violations of statute, were a legal cause of Pagiel Hall Czoka's injuries and damages. Her injuries and damages include, but are not limited to, medical expenses, physical and emotional pain, mental anguish, distress, humiliation, anxiety, and embarrassment, as well as a decline in her overall physical and emotional health. Plaintiffs allege that Clara Hall Czoka, as Administratrix of the Estate of Pagiel Hall Czoka, is entitled to recover damages for these injuries from the Defendant on behalf of the Estate of Pagiel Hall Czoka.

46. Plaintiff, Clara Hall Czoka, individually, alleges that the negligence of the Defendant, and the role such negligence played in the rape and sexual assault of her daughter was a legal cause of the injuries and damages that she has sustained. Clara Hall Czoka has suffered a serious and severe emotional injury and is entitled to recover damages from the Defendant for negligent infliction of emotional distress. Plaintiff, Clara Hall Czoka, alleges that she was sufficiently close enough to the event in time and space to experience a sensory observation and she alleges that, under a reasonable extension of current Tennessee law, as it relates to negligent infliction of emotional distress claims, she is entitled to recover.

47. Plaintiffs allege that, should the actions of the Defendant, as alleged above in this Complaint, be shown to be reckless, willful, or wanton, that they are entitled to recover punitive damages, treble damages, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief from this Honorable Court:

1. For a trial by a jury of twelve (12);

2. For actual damages including damages for medical expenses, impairment, physical pain, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment;

3. For a judgement of compensatory damages in favor of Clara Hall Czoka, Administratrix of the Estate of Pagiel Hall Czoka, for the benefit of said estate, in the amount not less than $1,000,000;

4. For a judgement of compensatory damages in favor of Clara Hall Czoka, individually, in the amount not less than $500,000;

5. For general, special, punitive damages, attorney's fees and court costs;

6. For any further, other, and general damages to which Plaintiffs may be entitled.

Respectfully Submitted,

CLARA HALL CZOKA,
ADMINISTRATRIX OF THE ESTATE
OF PAGIEL HALL CZOKA, AND
CLARA HALL CZOKA, INDIVIDUALLY

BY: /s/ Isaac Conner (w/permission)
Isaac T. Conner, BPR #22736
Aftan Strong, BPR #35345
**MANSON JOHNSON CONNER PLLC**
215 Second Avenue North, Suite 300
Nashville, TN 37201
(615) 254-1600 telephone

(615) 891-2395 facsimile
iconner@mansonjohnsonlaw.com

BY: _____
John S. Bingham, BPR#006263
**HAWKINS BINGHAM & MILLER**
1397 East Center Street
Kingsport, TN 37664
(423) 246-9100 telephone
(423) 246-9282 facsimile
hmbm@embarqmail.com

## COST BOND

We acknowledge ourselves sureties for the costs of this cause in accordance with T.C.A. §20-12-120 and T.C.A. §20-12-125.

BY: _____
John S. Bingham, BPR#006263
**HAWKINS BINGHAM & MILLER**
1397 East Center Street
Kingsport, TN 37664
(423) 246-9100 telephone
(423) 246-9282 facsimile
hmbm@embarqmail.com

# PROBATE COURT OF SULLIVAN COUNTY, TENNESSEE
## BLOUNTVILLE, TENNESSEE

IN RE: ESTATE OF PAGIEL HALL CZOKA
CIVIL ACTION No: 17-PR-21509

## LETTER OF ADMINISTRATION

It appearing that PAGIEL HALL CZOKA had died, a resident of Sullivan County, leaving no Will, and the undersigned, having been satisfied as to your claim and ability to administer the Estate, and you,

<u>CLARA HALL CZOKA</u>
<u>2036 West Manor Court</u>
<u>Kingsport, TN 37660</u>

having given adequate bond, are therefore empowered to take into your possession and control all of the personal property of said Estate, and return a true and perfect inventory thereof, as required by law, to pay all proven debts, and to do and transact all the duties required of personal representatives; and after having settled said estate, to deliver the residue thereof to those who are entitled to it.

Issued at Office this the 20th day of September, 2017.

CLERK AND MASTER:
KATHERINE PRIESTER

STATE OF TENNESSEE:
COUNTY OF SULLIVAN:

The undersigned does hereby certify that the foregoing is a true exact copy of the Letter of Administration, issued to CLARA HALL CZOKA, as Administratrix of the Estate of PAGIEL HALL CZOKA, deceased, as the same appears in the records in this office and is now in full force and effect.

This the _____ day of _____, 2017.

CLERK AND MASTER

Busi<br>
Secreta



**State of Tennessee**
312 Rosa L. Parks Avenue, 6th Floor
Nashville, Tennessee 37243-1102



7017 0530 0000 1892 3181

PARACORP INCORPORATED
#1805
29 WASHINGTON AVE
: ONE COMMERCE PLAZA
ALBANY, NY 12210-2822

- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

PARACORP INCORPORATED
#1805
29 WASHINGTON AVE
: ONE COMMERCE PLAZA
ALBANY, NY 12210-2822

10/6

9590 9402 3289 7196 0729 76

2. Article Number (Transfer from service label)
7017 0530 0000 1892 3181

X

B. Received by (Printed Name)    C. Date of Delivery

☐ Agent
☐ Addressee

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt